**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-40572
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

TONY RAY MARTIN,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
(6:95-CR-15)
December 12, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Appellant, Tony Ray Martin, pleaded guilty to one count of making false statements in connection with renewal of a loan from the Agricultural Production Credit Association. Over Martin's objection, the district court increased his base offense level two points for more than minimal planning. Appellant contends that the

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

district court erred because, in so doing, it relied on other false statements regarding the collateral for the loan which he made during a seven month period preceding the renewal of the loan. We disagree and affirm.

Whether a defendant has engaged in more than minimal planning is a question of fact which we review for clear error. United States v. McCord, 33 F.3d 1434, 1454 (5th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995). Appellant does not contend that the district court's factual findings are clearly erroneous but only that his earlier conduct does not relate to the crime to which he pled. The sentencing guidelines define more than minimal planning as "more planning than is typical for commission of the offense in a simple form." Section 1B1.1, comment. More than minimal planning "is deemed present in any case involving repeated acts over a period of time, unless it is clear that each was purely opportune." Id.

Martin first represented to the APCA that he owned twenty-nine head of cattle, which he did not. He later falsely represented to the APCA that he was leasing in connection with his operation two tracts of land, one containing 125 acres and one containing 60 acres. As a result of these representations, he was given the initial loan. He received three advances on that loan. Later he represented that he owned forty-three head of cattle on each of the two tracts. He owned none of the cattle. As a result of that representation he obtained a third advance. He then renewed the loan making further misrepresentations to which he pleaded guilty.

2

The misrepresentations made in securing the loan and obtaining the advances were repeated acts over a period of time which resulted in part in the renewal for which he plead guilty.

AFFIRMED.